IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHARON GOODEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) No. 11-2565-CM-JPO<br>CITY OF NORTH KANSAS CITY, )<br>MISSOURI, et al., )<br>)<br>Defendants. )<br>) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Sharon Gooden, a Kansas resident, brings this action against defendants (1) City of North Kansas City, Missouri; (2) County of Clay County, Missouri; (3) the State of Missouri; and (4) Caesars Entertainment, Inc. d/b/a Harrah's North Kansas City ("Caesars"). Plaintiff alleges, among other things, that defendants unlawfully detained her, violated her constitutional rights, caused her mental anguish, and failed to "properly train the law enforcement officers involved." (Doc. 1, at 2.)

Caesars and the State of Missouri have both filed motions to dismiss (Docs. 10 and 17). Plaintiff opposes Caesar's motion, but she concedes that the State of Missouri should be dismissed because it is immune from suit. (Docs. 24 and 20.) *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989). This defect cannot be cured, *see* 28 U.S.C. §§ 1406(a) and 1631; *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006), and the State of Missouri is dismissed from this lawsuit with prejudice.

Defendants City of North Kansas City and Clay County jointly filed a motion to dismiss or alternatively to transfer venue (Doc. 6). Plaintiff "does not oppose Defendant[s City of North Kansas

City and Clay County]'s alternative motion to transfer venue to the United States District Court for the Western District of Missouri" and plaintiff specifically "moves" this court to transfer venue to the Western District of Missouri. (Docs. 21, 25.)

The federal statute governing transfer of venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice. *Trujillo*, 465 F.3d at 1222; *see also Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987) (holding that 28 U.S.C. § 1631 applies in cases where either subject matter jurisdiction or personal jurisdiction is lacking).

Although plaintiff chose the District of Kansas as her forum, she fails to offer allegations that would support this court's exercise of personal jurisdiction over the remaining three defendants. And she has agreed that, at least as to two defendants, the appropriate venue is the Western District of Missouri. Under the factors this court generally considers when determining whether to transfer a case, *Chrysler Credit Corp.*, 928 F.2d at 1516 (listing factors), the court finds that the interests of justice require transfer to the Western District of Missouri. Given the proximity of her residence in Leavenworth, Kansas, to the Kansas City, Missouri metropolitan area, there is no suggestion that litigating this case in the Western District of Missouri will create any hardship for plaintiff. Two of the three remaining defendants are Missouri residents, and none of them are Kansas residents. The incident occurred in Kansas City, Missouri; witnesses and other sources of proof will be available in Missouri. It appears that resolution of plaintiff's common law negligence claims may require interpretation of Missouri law. It also appears that this action could have been brought in the Western

District of Missouri. The other considerations weigh neutral. In light of the lack of personal jurisdiction; the existence of factors weighing in favor of transfer; and plaintiff's agreement to transfer at least as to two defendants, the court finds that it is appropriate to transfer this action. The court therefore grants in part Defendants City of North Kansas City and Clay County's motion to dismiss or alternatively to transfer venue. (Doc. 6.)

The court notes that this order effectively leaves that portion of the motion seeking dismissal (Doc. 6) still pending. The order also does not resolve the motion to dismiss filed by Caesars. (Doc. 10.) The court expresses no opinion on the arguments in these briefs, and transfers the pending motions with this action based on the belief that the transferee court would prefer to make its own law of the case. *Nat'l Inst. for Strategic Tech. Acquisition and Commercialization v. Nissan N. Am., Inc.*, No. 10-1346-SAC, 2011 WL 915392, *8 (D. Kan. March 15, 2011).

**IT IS THEREFORE ORDERED** that defendant State of Missouri's Motion to Dismiss (Doc. 17) is granted and the State of Missouri is dismissed with prejudice.

**IT IS FURTHER ORDERED** that defendants' City of North Kansas City and Clay County's Motion to Dismiss for Want of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue to the United States District Court for the Western District of Missouri (Doc. 6) is granted in part.

**IT IS FURTHER ORDERED** that defendants City of North Kansas City and Clay County's Motion to Dismiss for Want of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue to the United States District Court for the Western District of Missouri (Doc. 6) remains pending in part, and Defendant Caesars Entertainment, Inc.,'s Motion to Dismiss (Doc. 10) remains pending.

Dated this 5th day of March 2012, at Kansas City, Kansas.

                                                          **s/ Carlos Murguia**
                                                          **CARLOS MURGUIA**
                                                          **United States District Judge**